UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EDDIE BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2618 RLW |
| | ) | |
| DORIS FALKENRATH,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Eddie Brown's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.  (ECF No. 1.)  Petitioner is currently incarcerated at the Jefferson City Correctional Center.  For the following reasons, the Court will deny the Petition.

### Procedural History

The State of Missouri charged Petitioner with first and second degree robbery, first-degree burglary, kidnapping, and resisting a felony arrest.  Petitioner waived his right to trial by jury and requested a bench trial, which took place on August 13, 2013.  The trial court found Petitioner to be a prior and persistent felony offender and convicted him of first-degree robbery, kidnapping, second-degree robbery, and resisting a felony arrest.  The trial court acquitted Petitioner of the burglary charge.  On November 1, 2013, the trial court sentenced Petitioner to thirty years of imprisonment for each of the two robbery convictions, thirty years for the kidnapping conviction,

---

[1]Doris Falkenrath is the current Warden of the Jefferson City Correctional Center where Petitioner is incarcerated.  Under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, "the petition must name as respondent the state officer who has custody."  Therefore, Doris Falkenrath's name will be substituted as the named Respondent in this action pursuant to Rule 25(d), Fed. R. Civ. P.

and seven years for the resistant a felony arrest conviction.  The court ordered all four sentences to run concurrently, for a total of thirty years' imprisonment.

Petitioner filed a direct appeal as to the kidnapping conviction and sentence only on November 27, 2013.  The Missouri Court of Appeals affirmed on April 21, 2015.  State v. Eddie Brown, No. ED100709, 489 S.W.3d 818 (Mo. Ct. App. 2015) (Resp. Ex. E, ECF No. 9-5).

Petitioner prematurely filed a pro se Motion to Vacate, Set Aside or Correct the Judgment or Sentence under Missouri Supreme Court Rule 29.15 on November 8, 2013, before the conclusion of his direct appeal.  (Resp. Ex. F, ECF No. 9-6 at 26-31, 38.)  Appointed counsel filed an Amended Motion under Rule 29.15 and request for an evidentiary hearing on August 3, 2015 (Id. at 40-55).  The motion court conducted an evidentiary hearing on the Rule 29.15 motion on August 4, 2017 (PCR Hrg. Tr., Resp. Ex. G, ECF No. 9-7), and issued its Findings of Fact, Conclusions of Law and Order denying the motion on September 17, 2017.  (Resp. Ex. F, ECF No. 9-6 at 59-67.)

Petitioner appealed the denial of his Amended Rule 29.15 motion on October 30, 2017. (Id. at 72.)  The Missouri Court of Appeals affirmed the motion court's denial of postconviction relief on November 20, 2018.  Brown v. State, No. ED106058, 561 S.W.3d 491, 492 (Mo. Ct. App. 2018) (per curiam) (unpublished mem.) (Resp. Ex. J, ECF No. 9-10).

**Grounds Raised**

Petitioner filed the instant Petition for habeas relief in federal court on September 23, 2019. (ECF No. 1.)  Respondent filed a response in opposition with supporting exhibits on November 12, 2019.  (ECF No. 9.)  Petitioner did not file a reply in support of his Petition.  The Petition raises one ground, which is set forth on a one-page attachment to the Court form.  Petitioner alleges his trial counsel was ineffective because he misled Petitioner to believe he would not get more than

twenty years' imprisonment, which caused Petitioner to go to trial rather than pleading guilty. (ECF No. 1-1.)

## Evidentiary Hearing

A district court may dismiss a habeas petitioner's motion without an evidentiary hearing if "(1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006) (internal quotation marks omitted) (quoting Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003)).  Because the Court determines that Petitioner's claims do not warrant habeas relief on their face, it will deny the Petition without an evidentiary hearing.

## Factual Background

The facts of the underlying criminal case are set forth in the Missouri Court of Appeals' direct appeal memorandum, viewed in the light most favorable to the State:

> N.H. ("Victim"), a young teacher, arrived home on the evening of July 13, 2011, and parked in front of her apartment building.  Victim noticed what she described as suspicious activity when another vehicle made the same U-turn she had just completed and parked a few vehicles behind her, in front of a closed day care. Victim remained in her vehicle, talking on the phone with a friend, as she watched Defendant get out of that vehicle and walk in the street up to her driver's side door. Defendant then began aggressively pulling on Victim's door handle with enough force to break the handle.  Defendant told Victim to open the door and pulled at his shirt as he said he had a "big ass gun."  Defendant walked to the passenger side of the vehicle, opened the door, and said to Victim, in a manner loud enough to be heard by Victim's friend on the phone, "Give me your money".  Victim informed Defendant she did not have any money but offered Defendant her credit cards. Defendant told Victim they needed to go to a bank or ATM and asked if she wanted to live or die.  Defendant then entered Victim's vehicle and moved past Victim into the driver's seat before pulling away.
>
> Defendant first drove to a bank that was closed and then continued driving around, for what Victim said felt like forever, before pulling into a Bank of America. During the drive, Defendant mentioned the gun he claimed to be carrying, telling Victim it was a "two two".  Victim understood this to be a reference to the caliber of the gun.  At the Bank of America, Defendant made a withdrawal for $200 from Victim's account. Defendant then began driving again and used Victim's

phone to contact his then-girlfriend ("Girlfriend") to meet up with her.  Girlfriend refused to tell Defendant her location and Defendant began to act upset, so Victim asked to speak on the phone.  Victim asked Girlfriend to please tell Defendant her location so they could all go their separate ways.  Girlfriend testified that Victim sounded very frightened on the phone. Girlfriend eventually gave Defendant her location so they could meet.  Victim tried her best to remain calm during the entire ordeal because she did not know what was going to happen.  Defendant drove to an apartment where Girlfriend was located, in an area unfamiliar to Victim, and parked near the apartment.  Defendant then instructed Victim to delete her phone's call log and exited Victim's vehicle.  Victim drove off, not knowing where she was, until the police were able to contact her and find her.

(Resp. Ex. E, ECF No. 9-5 at 4-5.)

## Legal Standard

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), federal courts review state court decisions under a deferential standard.  Owens v. Dormire, 198 F.3d 679, 681 (8th Cir. 1999).  Federal habeas relief is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir. 1990) (citing § 2254(a)).

To obtain federal habeas review of a claim raised in a § 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in State court in accordance with State procedural rules.  Duncan v. Henry, 513 U.S. 364 (1995) (per curiam); Beaulieu v. Minnesota, 583 F.3d 570, 573 (8th Cir. 2009) (quoted case omitted).  In Missouri, "a claim must be presented 'at each step of the judicial process' in order to avoid procedural default."  Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir. 1994) (quoting Benson v. State, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).  If the petitioner failed to properly present the claim in State court, and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a

fundamental miscarriage of justice." <u>Coleman v. Thompson,</u> 501 U.S. 722, 750 (1991); <u>see also</u> <u>Martinez v. Ryan</u>, 566 U.S. 1, 10-11 (2012).

Where the State court adjudicated a claim on the merits, federal habeas relief can be granted on the claim only if the State court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).  <u>See</u> <u>Williams v. Taylor</u>, 529 U.S. 362, 379 (2000).  The federal law must be clearly established at the time the petitioner's State conviction became final, and the source of doctrine for such law is limited to the United States Supreme Court.  <u>Id.</u> at 380-83.

"A state court decision is 'contrary to' clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court confronts facts that are materially indistinguishable from relevant Supreme Court precedent yet reaches the opposite result."  <u>Zornes v. Bolin</u>, No. 20-3013, 2022 WL 2296595, at *2, __ F.4th __ (8th Cir. June 27, 2022) (quoting <u>Williams</u>, 529 U.S. at 405-06).  "A decision involves an 'unreasonable application of' federal law if the state court 'correctly identifies the governing legal standard but either unreasonably applies it to the facts of the particular case or unreasonably extends or refuses to extend the legal standard to a new context.'"  <u>Id.</u> (quoting <u>Munt v. Grandlienard</u>, 829 F.3d 610, 614 (8th Cir. 2016)).  "To demonstrate an unreasonable application, a prisoner must show 'that a state court's adjudication was not only wrong, but also objectively unreasonable, such that "fairminded jurists" could not disagree about the proper resolution.'"  <u>Id.</u> (quoting <u>Smith v. Titus</u>, 958 F.3d 687, 691 (8th Cir. 2020)).  Federal habeas courts "evaluate the reasonableness of the state court's ultimate conclusion, not necessarily the reasoning used to justify the decision."  <u>Id.</u> (citing <u>Dansby v. Hobbs</u>, 766 F.3d 809, 830 (8th Cir. 2014)).

Finally, when reviewing whether a State court decision involves an "unreasonable determination of the facts" in light of the evidence presented in the State court proceedings, State court findings of basic, primary, or historical facts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence.  28 U.S.C. § 2254(e)(1); Rice v. Collins, 546 U.S. 333, 338-39 (2006); Collier v. Norris, 485 F.3d 415, 423 (8th Cir. 2007).  Erroneous findings of fact do not automatically require the grant of habeas relief, however.  Instead, the determination of these facts must be unreasonable in light of the evidence of record.  Collier, 485 F.3d at 423; Weaver v. Bowersox, 241 F.3d 1024, 1030 (8th Cir. 2001).

Federal courts are "bound by the AEDPA to exercise only limited and deferential review of underlying State court decisions."  Lomholt v. Iowa, 327 F.3d 748, 751 (8th Cir. 2003).  "To obtain habeas relief from a federal court, a state prisoner must show that the challenged state-court ruling rested on 'an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"  Metrish v. Lancaster, 569 U.S. 351, 358 (2013) (quoting Harrington v. Richter, 562 U.S. 86, 103 (2011)).  This standard is "difficult to meet."  Id.

### Discussion

The record shows that Petitioner properly raised the following claim in State court and the Missouri Court of Appeals denied relief on review of the merits.  The Court turns to the merits of the claim, exercising limited and deferential review of the underlying State court decisions as required by the AEDPA.

Petitioner asserts that the Missouri Court of Appeals erred in denying his claim that trial counsel was ineffective for misleading Petitioner to believe he would receive no more than twenty years after trial or plea, which led Petitioner to reject an open plea and proceed to trial, where he received sentences totaling thirty years.

As a threshold matter, Petitioner's claim as pleaded is insufficient to state a basis for relief under Section 2254(a).  Petitioner asserts that he received ineffective assistance of trial counsel. He alleges that trial counsel told him he was a  "Score 3" and the range of punishment he faced was ten to twenty years.  (ECF No. 1-1 at 1.)  The State's offer was 25 years, but Petitioner thought this was a "scare tactic" because of his trial counsel's statements.  (Id.)  At the sentencing, trial counsel was speaking on Petitioner's behalf and stated that he was a "Score 3."  The trial judge interrupted and stated that Petitioner was a "Score 4" and Petitioner asserts "that is w[h]ere the ineffective assistance happened."  (Id.)  Petitioner asserts that if he had known he could receive more than twenty years, he "would have pleaded to the 20 years." (Id.)

Under Lafler v. Cooper, 566 U.S. 156 (2012), and Missouri v. Frye, 566 U.S. 134 (2012), Petitioner bears the burden of alleging the existence of a formal plea offer from the State and demonstrating a reasonable probability he would have accepted the offer if counsel had not breached a duty.  See Lafler, 566 U.S. at 164; see also Frye, 566 U.S. at 146-7; Allen v. United States, 854 F.3d 428, 432 (8th Cir. 2017) (citing Lafler and Frye).  Here, Petitioner does not allege the existence of a formal twenty-year offer that he would have accepted, but instead alleges the State made a twenty-five year offer that he rejected.  As pleaded, Petitioner does not present a basis for habeas relief.

In the alternative, assuming that Petitioner sufficiently alleges a ground for relief, the Court addresses its merits.  The motion court conducted an evidentiary hearing on the claim and the Missouri Court of Appeals considered it on post-conviction appeal.  Respondent argues that the decision of the Missouri Court of Appeals denying this claim on the merits is reasonable and entitled to deference.

The Missouri Court of Appeals identified and discussed the law and applied it to the facts relevant to the claim on Petitioner's appeal from the denial of his Rule 29.15 motion as follows:

Courts apply the two-prong *Strickland* test in cases where a movant claims post-conviction relief based upon ineffective assistance of trial counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Zink v. State*, 278 S.W.3d 170, 175-76 (Mo. banc 2009). Under that test, a movant must demonstrate, (1) counsel's performance did not conform to the degree of skill and diligence of a reasonably competent attorney; and (2) as a result, the movant was prejudiced. *Zink*, 278 S.W.3d at 175. The movant must overcome a strong presumption counsel's performance was reasonable and effective to meet the first prong of the test. *Id.* at 176. To satisfy the second prong, the movant must show there is a reasonable probability that, but for counsel's alleged errors, the outcome of the proceedings would have been different. *Id.*

If the movant fails to satisfy either prong of the *Strickland* test for ineffective assistance of counsel, his claim necessarily must fail and we need not analyze the other prong. *Barnes v. State*, 506 S.W.3d 407, 410 (Mo. App. E.D. 2016). Moreover, a movant must prove his claims for relief by a preponderance of the evidence. Rule 29.15(i).

. . . .

In his sole point on appeal, Movant asserts the motion court erred in denying him post-conviction relief on his claim trial counsel ("Trial Counsel" or "Counsel") "was ineffective for misleading [Movant] to believe he would receive no more than [twenty] years after trial or plea, which led [Movant] to reject an open plea and proceed to trial, where he received sentences totaling [thirty] years." Movant also claims he was prejudiced by Counsel's alleged ineffectiveness because "[Movant] testified that he would have entered an open plea had he known he could get over twenty years after trial" and "the trial court would have accepted the open plea and sentenced [Movant] to [twenty] years."

In this case, Trial Counsel and Movant testified at the evidentiary hearing regarding their pre-trial communications relevant to this appeal. Trial Counsel testified there was an informal and off-the-record discussion between Counsel, the prosecutor, and the trial court, where the State indicated it was asking for a total sentence of twenty-five years, and the trial court indicated Movant would be sentenced to "somewhere around [twenty]" if he made an open plea. Trial Counsel informed Movant of the discussion, and Counsel told Movant a sentence of twenty years was consistent with sentencing guidelines in two sentencing assessment reports Counsel's firm had run on the Missouri Sentencing Advisory Commission's website. Trial Counsel testified he never advised Movant that the maximum sentence he could receive after a trial or plea was twenty years. Counsel also testified he told Movant "[a]ny sentence you're going to get is going to come with a two in front of it in my opinion[,]" "meaning somewhere in the [twenties][,]" and that a sentence of more than twenty years was a likely possibility.

In direct conflict with Trial Counsel's testimony, Movant testified Counsel told him twenty years was the worst sentence he could receive after a trial or plea. Movant also testified he went to trial because he was hoping he would get less than

a twenty year sentence, and he would have made an open plea had he known he
could have received more than a twenty year sentence.

  In denying Movant's claim, the motion court found Trial Counsel "was a
credible witness at the evidentiary hearing and his testimony refutes the claim that
[M]ovant was told the most he would or could get was twenty years." The motion
court also found "[M]ovant's suggestion he decided to go to trial because he
thought he would not get a longer sentence than if he agreed to a blind plea with a
twenty year sentence is not credible or plausible." We defer to the motion court's
credibility determinations. *See McCoy*, 431 S.W.3d at 521. Therefore, Movant
has not proven by a preponderance of the evidence his claim that Trial Counsel's
performance was deficient because Counsel misled Movant to believe he would
receive a maximum sentence of twenty years whether he went to trial or pleaded
guilty.[2] *See* Rule 29.15(i); *Zink*, 278 S.W.3d at 175-76. Therefore, the motion court
did not clearly err in denying Movant post-conviction relief on this claim. *See id.*;
*Barnes*, 506 S.W.3d at 410. Point denied.

_____

[2]We note Movant contends he is entitled to relief under *Missouri v. Frye*, 566 U.S. 134
(2012), which narrowly holds "defense counsel has the duty to communicate *formal* offers
from the prosecution to accept a plea on terms and conditions that may be favorable to the
accused." *Arnold v. State*, 509 S.W.3d 108, 115 (Mo. App. E.D. 2016) (quoting *Frye*, 566
U.S. at 145) (emphasis added); *see also Jackson v. State*, 535 S.W.3d 374, 380-81 (Mo.
App. E.D. 2017) (similarly describing *Frye*'s holding). In this case, Movant did not allege
or prove there was any existing, formal plea offer from the State; instead, there is only
evidence of an informal and off-the-record discussion between Counsel, the prosecutor,
and the trial court, where the State indicated it was asking for a total sentence of twenty-
five years, and the trial court indicated Movant would be sentenced to "somewhere around
[twenty]" if he made an open plea. Because Movant has not cited to any controlling legal
authority indicating *Frye* extends to these facts, Movant's reliance on *Frye* is misplaced.
*See Arnold*, 509 S.W.3d at 114-15 (similarly holding where the movant did not allege
counsel failed to inform the movant of an existing plea agreement offer).

Brown v. State, No. ED106058 (Resp. Ex. J, ECF No. 9-10, at 4-6 & n.2).

  The Sixth Amendment guarantees a criminal defendant the right to effective assistance of

counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). The Supreme Court set forth the

standard governing ineffective assistance of counsel claims in Strickland. To establish ineffective

assistance, a petitioner must show that (1) his counsel's performance was deficient, or that it "fell

below an objective standard of reasonableness," and also that (2) "the deficient performance

prejudiced the defense." Id. at 687-88. Strickland provides a "highly deferential" standard to

review ineffective assistance of counsel claims by having courts "apply a 'strong presumption'

that counsel's representation was within the 'wide range' of reasonable professional assistance." Harrington, 562 U.S. at 104 (quoting Strickland, 466 U.S. at 689).

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it."  Lafler, 566 U.S. at 168.  "In the plea-bargaining context, this means a claimant must demonstrate a substantial likelihood that (1) he would have accepted the offer to plead pursuant to the earlier proposed terms, (2) neither the prosecution nor the trial court would have prevented the offer from being accepted, and (3) the plea terms would have been less severe than under the judgment and sentence that were actually imposed."  Allen, 854 F.3d at 432 (citing Lafler, 566 U.S. at 164; Frye, 566 U.S. at 148).

On federal habeas review, this Court does not determine whether Petitioner's trial counsel provided effective assistance, but instead examines "whether the state court's application of the Strickland standard was unreasonable."  See Harrington, 562 U.S. at 101; see also Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential.  It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.").  The standard on federal habeas review "is different from asking whether defense counsel's performance fell below Strickland's standard."  Harrington, 562 U.S. at 101.  Instead, the Court must determine "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard."  Id. at 105.  "Counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'"  Gray v. Norman, 739 F.3d 1113, 1117 (8th Cir. 2014) (quoting Strickland, 466 U.S. at 690).  "Where a state court concludes that there was no ineffective assistance under this 'highly deferential' standard, a federal

court then must review counsel's performance under the 'deferential lens of § 2254(d).'"  Id. (quoting Cullen v. Pinholster, 563 U.S. 170, 190 (2011)).

The Missouri Court of Appeals applied the correct legal standard of Strickland, 466 U.S. 668, and reviewed the testimony given by Petitioner and his trial counsel.  The appellate court deferred to the motion court's credibility determinations that trial counsel's testimony was credible and movant's was not, and affirmed the motion court's holding that the claim lacked merit.  The motion court's credibility findings are owed the same deference as its factual findings, Grass v. Reitz, 749 F.3d 738, 744 (8th Cir. 2014) (cited case omitted), and Petitioner has not provided clear and convincing evidence that the motion court's crediting of trial counsel's testimony over his own was unreasonable based on the record.

The Court determines that the Missouri Court of Appeals' application of the Strickland standard to this claim of ineffective assistance of defense counsel was not unreasonable for the reasons stated by that court.  See Owens, 198 F.3d at 681; Harrington, 562 U.S. at 101.

This ground will be denied.

### Conclusion

For the foregoing reasons, the Court concludes that the ground raised in Petitioner Eddie Brown's Petition for Writ of Habeas Corpus fails on the merits, and must be denied.

Accordingly,

**IT IS HEREBY ORDERED** Petitioner Eddie Brown's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner Eddie Brown has not made a substantial showing of a denial of a constitutional right or that it is debatable whether the Court's procedural rulings are correct, and this Court will not issue a Certificate of Appealability.


*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this <u>29th</u> day of June, 2022.